# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

RICKIE A. MARTINEZ, JR.,                      |

          Petitioner,                      |     No. 2:06 CV 01696 AWT

                v.                      |     ORDER OF DISMISSAL

FELKER, Warden, et al.,                      |

          Respondents.                      |

_____ |

## Background

Petitioner Rickie A. Martinez, Jr., was convicted in 2001 in California state court of first degree (felony) murder, attempted robbery, conspiracy to commit robbery, and assault with a deadly weapon.   Martinez was sentenced to an upper term of 25 years to life imprisonment.  After exhausting his state remedies,

Martinez filed this federal habeas petition on August 1, 2006.  Upon review of the

petition, the State's answer, petitioner's reply (traverse), and the state court record,

the court determines, under Rule 8(a), Rules Governing § 2254 Cases in the U.S.

District Courts, that this petition may be ruled on without an evidentiary hearing.[1]


## Discussion


_____Martinez raises three issues in his habeas petition, addressed seriatim below.

Preliminarily, because this petition was filed well after the effective date of the

Antiterrorism and Effective Death Penalth Act of 1996 ("AEDPA"), the standards

under the AEDPA govern this case.  Thus, in order to demonstrate state court

error, petitioner must show that the state court's adjudication of his claims

"resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme

---

[1]    Petitioner requests an evidentiary hearing, but does not explain in
what respect the record requires further development.  Thus, he has not met the
"two conditions to be entitled to an evidentiary hearing."  He has not "(1) allege[d]
facts which, if proven, would entitle him to relief, and (2) show[n] that he did not
receive a full and fair hearing in a state court either at the time of trial or in a
collateral proceeding."  *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003)
(quoting *Belmontes v. Woodford*, 335 F.3d 1024, 1053-54 (9th Cir. 2003)).

Court of the United States."  28 U.S.C. § 2254(d)(1).

1.     *Sixth Amendment right to self-representation.*

After being represented by the same, experienced criminal defense attorney for more than four years, during which period many complicated pre-trial issues had been addressed, approximately one month before the commencement of jury selection, Martinez sought to dismiss his lawyer and to represent himself.  The trial court considered Martinez's request in an *in camera* session.  The court asked how much more preparation time petitioner would need, and petitioner replied that he would need at least a three-month continuance to prepare for trial.  The trial judge rejected the *Faretta* motion[2] as untimely, and Martinez's attorney continued to represent him throughout the trial.

The California Court of Appeal affirmed the trial court's rejection of Martinez's *Faretta* claim because it was not made until trial proceedings had begun, although jury selection had not yet commenced.  On this record, the court cannot conclude, under the AEDPA, that the state appellate court's decision was an unreasonably application of *Faretta* to petitioner's Sixth Amendment self-

---

[2]     *See Faretta v. California*, 422 U.S. 806 (1975) (recognizing a criminal defendant's Sixth Amendment right to self-representation).

representation claim.[3]

2.      *Sentence enhancement*.

Martinez argues that, at resentencing, the court violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it considered facts that had not been proved beyond a reasonable doubt before a jury as aggravating factors.  The sentencing court cited two independent factors as aggravating factors:  (1) Martinez's prior juvenile offenses (which included a robbery offense); and (2) the "great violence and cruelty" of the crime.

The State concedes, as was found by the state Court of Appeal, that the "great violence and cruelty" finding was not tried to the jury and, thus, cannot properly serve as an aggravating factor under *Blakely.  See Cunningham v. California*, 127 S. Ct. 856, 868-71 (2007).  It contends, however, that the alternative factor, *i.e.*, petitioner's juvenile offenses, falls within *Blakely*'s "prior conviction" exception, and because only one aggravating factor is required to impose the upper term sentencing range, the error with respect to the "great

---

[3]      Martinez may have a viable *Faretta* claim under Ninth Circuit law. *See United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994) ("A motion to proceed pro se is timely if made before the jury is impaneled, unless it is shown to be a tactic to secure delay.").  Relief is available under the AEDPA, however, only for violation of clearly established U.S. Supreme Court case law.

violence and cruelty" factor was harmless.  The State is correct under California law.  *See People v. Cruz*, 45 Cal. Rptr. 2d 148, 152 (Ct. App. 1995) (holding that a single valid factor in aggravation is sufficient to impose the upper term).  State law further holds that "When a trial court has given both proper and improper reasons for a sentencing choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper."  *Id.*  Applying this law, the state Court of Appeal held that "There is no indication that the improper consideration of 'great violence and cruelty' tipped the balance toward the upper term and away from a lesser term that the trial court would have selected had it considered only the prior juvenile adjudication."  It then held that the trial court's consideration of the great violence and cruelty factor "was harmless beyond a reasonable doubt," citing *Chapman v. California*, 386 U.S.18, 24 (1967).[4]

After a thorough review of the circumstances, the court concludes that the state appellate court's finding that any sentencing error was "harmless beyond a reasonable doubt" was neither an unreasonable determination of the facts nor an

---

[4]     The court notes that the state Court of Appeal was careful to base its holding on its finding of "harmless beyond a reasonable doubt," the constitutional standard, not on a finding of "reasonably probable," which is the state law test under *Cruz*.

unreasonable application of *Chapman*.  *See* 28 U.S.C. § 2254(d)(1) & (2).

3.    *Due Process challenge to severity of sentence.*

Finally, Martinez argues that his sentence is so disproportionate to the offense of conviction that it violated the Eighth Amendment's prohibition against cruel and unusual punishment.  This argument, however is foreclosed by *Ewing v. California*, 538 U.S. 11 (2003), in which the Supreme Court held that a 25 years to life sentence under California's Three Strikes law (where none of the underlying offenses was as serious as murder) did not violate the Eighth Amendment.

## Conclusion

The court determines under Rule 8(a) of the Rules Governing § 2254 Cases in the U.S. District Courts, that no evidentiary hearing is required.  The court further determines, as the foregoing analysis of petitioner's allegations reveals, that, under the AEDPA, petitioner has not made out a viable claim for relief under federal law.  Accordingly, the petition for writ of habeas corpus is **DISMISSED.**

Dated:  November 4, 2009.

     */s/ A. Wallace Tashima*
     United States Circuit Judge
     Sitting by designation